# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.  11-03035-01-CR-S-DGK |
| ) | |
| HERTIN JIBAS, ) | |
| ) | |
| Defendant . ) | |

## REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

After the defendant was evaluated by Kent W. Franks, Ph.D., clinical psychologist, and report filed, the United States filed a motion for competency evaluation, which was granted. The defendant was evaluated at the United States Medical Center for Federal Prisoners by Christina A. Pietz, Ph.D., ABPP, Psychologist, and after her report was prepared, a second report was submitted by Dr. Franks. The matter was called for a hearing. The defendant appeared in person and with counsel David Mercer, Assistant Federal Public Defender. The United States was represented by Michael Oliver, Assistant United States Attorney. Testimony was received from Dr. Franks and Dr. Pietz.

As mentioned above, Dr. Franks submitted two reports. His first report concluded that the defendant could not understand the proceedings against him and could not meaningfully support his counsel in a rational way. In his second report, he concluded that the defendant does understand the proceedings, but could not support his counsel in a rational way. Doctor Franks explains the difference in those findings by the fact that, at the time of the initial

interview and preparation of the report, the defendant had suffered a psychotic episode. At the time of the second report, the psychosis had somewhat cleared. He discussed that psychotic episode in his testimony and noted that the defendant also has cognitive difficulties and significant intellectual limitations. He concluded that, because of these conditions, he is not able to contribute to his defense. Explaining that position, he testified that "He has poor verbal skills. He's not able to express himself in a sophisticated or meaningful manner. He cannot articulate complex ideas. It's going to be difficult for him to deal with abstractions. He's going to be very concrete and rigid in his thinking. He's now going to have difficulty comprehending legal options. And his expressive abilities are impaired. The ability to discuss relevant factors related to his case and related to his mental state is going to be impaired. I spent a long time interviewing him and it is extremely difficult to get detailed and accurate information from him with regard to his psychological state, his history, his background and other factors that would be relevant to his defense and relevant to working and preparing his defense." Commenting on the report prepared at the United States Medical Center, he expressed concerns that the defendant would play a "passive role" in his criminal case. He also explained that passive means that counsel would be making all of the legal decisions for him and he lacks the ability to weigh those decisions. He also notes that with regard to plea bargains, introduction of specific witnesses and legal strategies, the defendant does not have the mental ability to comprehend any of those types of material. On cross-examination, when asked about defendant's cognitive impairments and to give an example of defendant's inability to provide specific information, Dr. Franks related the defendant's inability to provide specific information about the quality of his childhood and his early life in the Marshall Islands.

Doctor Pietz, in her report, and in her testimony, concluded the defendant was competent to proceed. To support her opinion, she notes initially that she agrees with Dr. Franks that the defendant has low intellectual functioning, however, standardized testing was administered to assess his factual understanding and his ability to assist his counsel. She said he was able to discuss what the role of the attorney is and the potential consequences of being found guilty. He did not initially understand the concept of a plea agreement, but it was explained to him, and he was able to understand that concept in a subsequent interview. Doctor Pietz noted that the defendant was able to recount his version of what happened which led to his arrest. She compared his version to the investigative reports and found him to be an accurate historian. That caused her to believe he would be able to assist his attorney. He was also asked specifically what he would do if a witness said something that wasn't true and he said, "I would let him know." In the context, Dr. Pietz stated that it was clear that the defendant was telling her he would let his attorney know. Finally, Dr. Pietz noted that while at the Medical Center, the defendant was able to understand and abide the rules of the institution. He was able to function in an open unit independently, without the assistance of staff.

While all of the experts agree that the defendant has marginal intellectual functioning, the Court finds that the preponderance of the evidence is that he is able to understand the nature and potential consequences of the proceedings against him and assist properly in his defense. The defendant's ability to respond to both of the psychologists with regard to the legal system and his ability to relay information to Dr. Pietz, indicates an understanding and an ability to assist counsel. While counsel may have to explain the subtleties of the proceedings and consequences of his decisions to the defendant, that fact does not render the defendant incompetent.

It is therefore

RECOMMENDED that the defendant be declared competent to stand trial.

/s/ James C. England
**JAMES C. ENGLAND**
**UNITED STATES MAGISTRATE JUDGE**

Date: February 10, 2012